United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50168

_____

THOMAS C. MOWDY,

                                        Plaintiff-Appellant,

v.

EMPLOYEE RETIREMENT SYSTEM OF TEXAS; ET AL.,

                                        Defendants,

TEXAS HEALTH AND HUMAN SERVICES COMMISSION,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
A-03-CV-215-SS
--------------------

Before REAVLEY, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant, Thomas C. Mowdy ("Mowdy"), appeals the

district court's grant of Defendant-Appellee Texas Health and

Human Services Commission's ("HHSC") motion for summary judgment

dismissing Mowdy's claims brought under the Equal Pay Act, 29

U.S.C. § 206(d) ("EPA"), the Equal Employment Opportunity Act, 42

_____

     [*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

U.S.C. § 2000e, *et. seq.* ("Title VII"), and the Texas Commission on Human Rights Act, Tex. Lab. Code ch. 21 ("TCHRA"). Mowdy basically contends that HHSC paid less to him than it paid to certain of his female co-workers for performing equal work on jobs that required substantially equal skill, effort, and responsibility.

We review a grant of a motion for summary judgment *de novo*, applying the same standard as the district court. *Coserv LLC v. Southwestern Bell Tel. Co.*, 350 F.3d 482, 486 (5th Cir. 2003). Having reviewed the record and considered the briefs and arguments on appeal, we affirm the district court's grant of Defendant-Appellee's motion for summary judgment for the following reasons.

With respect to Mowdy's wage discrimination claim under the EPA, Mowdy failed to raise a fact issue that he performed substantially equal work as that of his female co-workers. *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974). Therefore, summary judgment on this issue was proper because Mowdy could not establish a prima facie case under the EPA.

With respect to Mowdy's gender discrimination claims under Title VII and the TCHRA, Mowdy failed to raise a fact issue regarding the substantial similarity of his job and that of his female co-workers. *Pittman v. Hattiesburg Mun. Separate Sch. Dist.*, 644 F.2d 1071, 1074 (5th Cir. 1981). Accordingly, summary judgment on this issue was proper because Mowdy could not

establish a prima facie case under Title VII or the TCHRA.

With respect to Mowdy's constructive discharge claim under Title VII, Mowdy failed to raise a fact issue that HHSC made his working conditions so intolerable that a reasonable employee would have felt compelled to resign. *Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir. 1997). Therefore, summary judgment on this issue was proper because Mowdy could not establish a prima facie case under Title VII.

Finally, with respect to Mowdy's retaliation claim under Title VII and the TCHRA, Mowdy did not suffer an adverse employment decision, much less an ultimate employment decision, when his supervisor corrected a typographical mistake to reflect Mowdy's actual position at HHSC. *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707 (5th Cir. 1997). Accordingly, summary judgment on this issue was proper because Mowdy could not establish a prima facie case under Title VII or the TCHRA.

For the foregoing reasons, the opinion of the district court is in all ways AFFIRMED.